# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TRUSTEES OF THE PLUMBING AND
PIPEFITTING INDUSTRY HEALTH AND
WELFARE PLAN OF KANSAS, et al.**

      **Plaintiffs,**

      v.                                            Case No. 14-CV-02023-KHV-JPO

**AMERICAN MECHANICAL, INC.**

      **Defendant.**

## AGREED PROTECTIVE ORDER

1.    This Protective Order is being entered for good cause shown. Specifically, some of the documents which may be produced in this case may contain confidential employment, personal, and/or financial information regarding employees and/or former employees of defendant American Mechanical, Inc. Moreover, some of the documents may contain trade secrets and/or confidential commercial information of Plaintiffs or Defendant;

2.    This Protective Order shall govern all documents and information produced by the parties and designated by the producing party as confidential and subject to this Order. The parties shall act in good faith to designate only such documents as they believe are subject to protection. The parties shall designate material as confidential and subject to this Order by placing the following marking on the document in a manner which will not interfere with its legibility:

CONFIDENTIAL
Subject to Protective Order

3.    This Protective Order shall apply to and govern all documents and information designated by the parties as confidential whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case. The

1

parties may designate their responses to other discovery requests and deposition testimony as confidential and protected by this Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony so identified shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel has ten business days after receiving the transcript of the deposition to notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protections of this Order. All parties shall treat the transcript as covered by this Order during that 10-day designation period.

4. Should any party want to file with the Court confidential documents and information produced or presented by any other party, the parties will consult and submit a motion and order permitting such confidential documents and information to be filed under seal. If the parties cannot come to an agreement, the party wanting to file confidential documents and information shall move the Court to allow confidential documents and information to be filed under seal, or, in the alternative, to strike the confidential designation.

5. In the event that a party has not moved to file a document under seal before a filing deadline, the party shall file the motion to seal electronically and separately submit the document or pleading it seeks to seal to the Court and the opposing counsel. If the Court grants the motion, the documents or pleading shall be filed with the Clerk in accordance with the Court's order. The document or pleading will be deemed filed as of the date the motion to seal was filed. Any party filing a motion or exhibits under seal must comply with the local rules for filing documents under seal. *See* D. Kan. R. 5.4.6.

6. No portion of the documents marked confidential and filed with this Court shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the party to whom said documents belong.

7. Except as otherwise directed by this Court, the documents and information produced by the parties and protected by this Order shall be revealed only to: (a) parties in this action, including officers and employees of any party; (b) counsel of record, including law firm employees, for the parties in this action; (c) in-house counsel for a party and their associates, paralegals, and office staff; (d) outside experts, consultants, and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case provided that the expert, consultant, or analyst, before he or she reviews and/or has access to such information, signs the attached Acknowledgment agreeing to be bound by the terms and conditions of this Protective Order; (e) non-party witnesses in the case, provided that he or she, before reviewing and/or receiving access to such information, signs the attached Acknowledgment agreeing to be bound by the terms and conditions of this Protective Order; (f) the Court and Court personnel for any purpose the Court finds necessary; (g) witnesses being deposed to the extent a reasonable basis exists for disclosing the confidential material to the witness; provided, however, the witness will not be given a copy of such Confidential Discovery Material except if it is in conjunction with the witness' review of that witness' deposition; (h) the court reporter(s) or his or her agents assigned to this case; and (i) jurors and Court personnel at trial of plaintiff's action, as necessary for trial purposes. No person entitled to access protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect, or examine the materials protected herein.

8. Each person who reviews or inspects confidential documents or materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power by, where required, signing an acknowledgment in the form attached hereto, signifying agreement to the provisions of this Order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials.

9. The documents and information produced pursuant to the terms of this Order shall be used by the party to which said documents are produced for the sole and limited purpose of preparation for trial and appeal of the above-entitled action and shall not be used for any other purpose unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.

10. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential. The jurisdiction of the United States District Court for the District of Kansas to enforce the Protective Order shall terminate upon the final disposition of this case, but a party may seek leave to reopen the case after termination of this litigation to enforce the provision of the Protective Order.

11. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information, nor shall any provision of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Order, that party shall, in writing, notify the party to which the challenged document or

information belongs of its challenge. Within ten (10) days of the receipt of such written notice, the party to which the challenged document belongs will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. Thereafter, the challenging party may move the Court for an order removing the protections established by this Order. The burden of establishing confidentiality, once challenged by the above procedure, is upon the party producing the document or providing the information. All documents, testimony, or other materials designated by the party as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including appeal.

12. By entering into this Protective Order, the parties are not precluded from objecting to the production of any confidential documents or information protected by this Order, nor is a party precluded from compelling the other to produce the same. Nothing herein is meant to waive any privilege that the parties may assert in regard to any confidential documents or information protected by this Order.

13. Inadvertent production of documents, things, or information subject to confidentiality restrictions, the attorney-client privilege, or the work-product doctrine (despite the producing parties' reasonable efforts to pre-screen such documents and information prior to production) does not waive the confidentiality restriction, attorney-client privilege, or work product doctrine. Any attorney-client privileged communications or work product materials that are inadvertently produced shall be promptly returned to counsel for the producing party without review or copying and shall not be used in discovery or at trial for any purpose.

14. Should any information designated "Confidential," any copies or summaries thereof, or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this Protective Order, then the party responsible for the unauthorized disclosure shall use its best efforts to obtain the return of such information and bind such person to the terms of this Protective Order and shall (a) promptly provide such person a copy of this Protective Order, (b) use its best efforts to cause such person to acknowledge in a written statement, in the form attached hereto as Exhibit A, that he or she has read the Protective Order and agrees to be bound by the terms thereof, and provide such written statement to the producing party, and (c) identify such person immediately to the producing party.

15. Violation of any provision of this Protective Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to them for breach of the terms of this Order.

16. Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel. Any act by a Party required by this Order may be performed by that Party's counsel of record or the Party directly if the Party is not represented by counsel.

The parties have stipulated to the propriety of such a Protective Order, and the court finds good cause to enter it.

IT IS, THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that relevant business and financial documents of Plaintiffs, and the personnel records and other confidential information regarding employees and/or former employees, trade secrets, or confidential commercial information of American Mechanical, Inc., shall be made

accessible to the parties and the attorneys for the parties. The parties and their attorneys shall not jointly or severally disclose to or share with any other person the documents and/or information contained in said records, except as provided for herein, without further order by this Court.

    IT IS BY THE COURT SO ORDERED.

    Dated May 5, 2014

                            s/ James P. O'Hara
                            James P. O'Hara
                            U.S. Magistrate Judge

Submitted by:

| | |
|---|---|
| SPENCER FANE BRITT & BROWNE LLP | FOULSTON SIEFKIN LLP |
| 1000 Walnut St., Suite 1400 | 1551 N. Waterfront Pkwy, Suite 100 |
| Kansas City, Missouri 64106-2140 | Wichita, KS 67206 |
| Telephone: (816) 474-8100 | Telephone: (316) 267-6371 |
| Facsimile: (816) 474-3216 | Facsimile: (316) 267-6345 |
| | |
| /s/ *Lucinda H. Luetkemeyer* | /s/ *Forrest T. Rhodes, Jr.* |
| Douglas M. Weems, KS #14771 | Forrest T. Rhodes, Jr., KS #19567 |
| Lucinda H. Luetkemeyer, KS #25326 | Jason P. Lacey, KS #19957 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TRUSTEES OF THE PLUMBING AND
PIPEFITTING INDUSTRY HEALTH AND
WELFARE PLAN OF KANSAS,** *et al.*

      **Plaintiffs,**

    v.                Case No. 14-CV-02023-KHV-JPO

**AMERICAN MECHANICAL, INC.**

      **Defendant.**

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

1. I have been requested to inspect certain material which is confidential within the terms of the Protective Order ("Order") issued by the Court for the purpose of assisting in the preparation for trial or appeal of the above captioned matter.

2. I have read the aforesaid Order and I understand the terms therein. I hereby agree to be bound by that Order, and by such other orders as may be made by the Court regarding discovery of confidential material, in the same way that the parties to the action are bound.

3. I hereby agree to submit to the jurisdiction of the United States District Court, District of Kansas, for purposes of any proceedings concerning my receipt of confidential material.

 

_____
Signature

_____
Name (printed)

_____
Dated